IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


RONALD MILLS ADAMS                                                    PLAINTIFF

             v.                        Civil No. 05-6086

GARLAND COUNTY DETENTION
CENTER, et al.                                                       DEFENDANTS

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Ronald Mills Adams, who is presently detained at the Cross County Jail, brings this pro

se civil rights action under 42 U.S.C. § 1983 against the Garland County Detention Center,

Captain Harold Steed, Chaplain Ed Losey, and Sheriff Todd Sanders. (Doc. 1.) This action was

originally filed in the United States District Court for the Eastern District of Arkansas. By

ordered signed on December 7, 2005, Judge George Howard, Jr. transferred this case to this court

on the grounds of venue. (Doc. 1.) This court granted plaintiff pauper status (Doc. 6), and it is

now determined whether the complaint should be served on the defendants.

In his complaint and supplement (Doc. 5) (which is a second copy of the documents

plaintiff filed in the Eastern District of Arkansas), plaintiff alleges that on March 15, 2005, he

learned that his mother "had been tragically killed." At the time, Adams was detained at the

Garland County Detention Center. Plaintiff was permitted to meet with family members to assist

with funeral arrangements that same day. The following day, Adams informed Captain Steed

that he wished to attend his mother's funeral. Plaintiff also informed Captain Steed that Chaplain

Losey "had promised that he would make all the arrangements necessary for [plaintiff] to be

able" to attend the funeral. Plaintiff claims that he had no disciplinary problems that would

hinder his attendance and that Captain Steed recognized that. Despite having this meeting, plaintiff alleges that "at no time after this meeting did any member of the administration meet with [him] concerning the arrangements that were supposed to be made," and thus plaintiff was not allowed to attend the funeral.

When plaintiff inquired as to why he was not permitted to attend the funeral, he claims that the only "excuse" he was given was that he "did not state [his] intention of attending the funeral in a timely fashion." Due to the "gross negligence" of the defendants, plaintiff contends that he suffered "mental anguish" that has carried over to his time in the Arkansas Department of Correction. Plaintiff claims that he is seeking counseling through his unit counselor, the Chaplains' Office, and the Mental Health offices.

Plaintiff states that he is suing for punitive damages for emotional distress and mental anguish cause by the defendants' cruel and unusual punishment. He also requests relief in the form of $1 million for "pain and suffering." (Docs. 1, 5.)

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

AO72A
(Rev. 8/82)

Plaintiff's complaint is frivolous and subject to dismissal under 28 U.S.C. § 1915. Adams's allegation that his rights were violated when he was denied the opportunity to attend his mother's funeral does not rise to a constitutional magnitude. A prisoner does not retain a liberty interest in attending a family member's funeral, and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995). Other courts around the nation that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. *See e.g., Hilliard v. Andrews*, No. Civ. A. 05-75, 2005 WL 1629954 (W.D. La. July 8, 2005) ("Simply put, plaintiff does not have a protected right to or a liberty interest in attend his brother's funeral."); *Bradley v. Beck*, No. 1:01CV225-02-MU, 2001 WL 34610459 (W.D.N.C. Oct. 19, 2001) (fact that some prisoners are allowed to attend family member's funerals is result of grace, not constitutional right); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y. 1991) (no federal right recognized under § 1983 to attend uncle's funeral). While it is unfortunate that plaintiff was unable to attend his mother's funeral, that denial does not state a claim under section 1983.

Therefore, I recommend that plaintiff's complaint be dismissed as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Adams has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Adams is reminded**

AO72A
(Rev. 8/82)

that objections must be both timely and specific to trigger de novo review by the district

court.

DATED this 2nd day of May 2006.


**/s/ Bobby E. Shepherd**

_____
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)